## Ellen Barker McRoberts Martell v. Ambrose Martell.

1. DEMURRERS—*General and Special.*—Where the allegations of a bill for divorce, on the ground of extreme and repeated cruelty, are sufficient, although defectively stated, to bring the case within the provisions of the statute, a general demurrer is properly overruled.

**Bill for Divorce.**—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

Stevens, Horton & Abbott, attorneys for appellant.

Isaac C. Edwards, attorney for appellee.

Mr. Justice Wright delivered the opinion of the Court.

This was a bill for divorce by appellant against appellee. A demurrer was interposed to the bill and was by the court sustained. Appellant then obtained leave to amend her bill, and the same having been amended a demurrer was sustained to it, whereupon appellant elected to abide by her amended bill, and it was by the court dismissed for want of equity, from which decree she appeals to this court, assigning for error the sustaining by the court of the demurrer to her amended bill.

It is contended by counsel for appellee that the amended bill, in its averments, is vague and uncertain. There is, doubtless, much surplus and immaterial matter contained in the amended bill, and it requires much patience to discover the material parts of it; and had a special demurrer been interposed pointing out the surplus and immaterial matter, instead of the general demurrer in the trial court, we would have little hesitancy in affirming the ruling of that court, by which the demurrer was sustained. But it appears from the abstract the demurrer was general, and if it shall appear, upon an examination of the amended bill of complaint, that averments of extreme and repeated cruelty, by the husband toward the wife, have been made, so as to bring the case within the provision of the statute upon that subject, the demurrer must be considered as having admitted them, and the bill should therefore be adjudged sufficient.

We have given the amended bill a careful examination, and find at least four specific charges of physical violence by the husband toward the wife, under circumstances of anger, if not malice, which we have no doubt, if true, and as seen, the demurrer so admits, constitute extreme and repeated cruelty, within the statutory meaning of those words.

To specify the instances of acts of extreme and repeated

cruelty, contained in the amended bill, to which we refer, we will recite from it, as the same is shown by the abstract.

It is stated in the amended bill that appellee seized the appellant by the arms and forcibly put her into a chair; at another time he seized her by the arms and forced her, in that way, to go to her room and give him the key to the wine cellar; and still another time, he seized her by the shoulder and bit her violently; and finally, still again seized and violently forced her into a chair, and held her there for a time.    On each of these occasions, the acts of violence were accompanied with acts and words denoting unfriendly feeling and unmanly sentiments toward the appellant, that so far characterized his conduct, that we have no doubt from such allegations the amended bill fulfills the statutory requirement, and presents the legal charge of extreme and repeated cruelty.

It follows from what we have said that the court erred in sustaining the demurrer to the amended bill, and for this the decree of the Circuit Court will be reversed and the cause remanded with directions to that court to overrule the demurrer to the amended bill.    Reversed and remanded.